COURT OF CHANCERY
OF THE
STATE OF DELAWARE

**SELENA E. MOLINA**
SENIOR MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

December 29, 2025

**<u>Via File & ServeXpress</u>**

David M. Doyle
71 Beth Lane
Santa Rosa Beach, FL 32459

Joseph E. Brenner, Esquire
Gordon Rees Scully Mansukhani, LLP
221 W. 10th Street, 4th Floor, #447
Wilmington, DE 19801

Re:  *David M. Doyle v. DNA SEQ. Inc.*,
C.A. No. 2025-0933-SEM

Dear Parties & Counsel:

Through and for the reasons explained in this letter report, the Section 220 claim in this action is dismissed and only the Section 221 claim survives.

This action began in August, through a self-represented litigant's verified petition for inspection of books and records and to compel an annual meeting. Although pleading that prompt court intervention was necessary, through letter, the self-represented litigant represented that this action was filed to preserve standing and an expedited schedule was not requested. With that representation, I directed that this action be placed on the Routine Unassigned Actions docket and stayed until relief was requested or it was ripe for dismissal under Court of Chancery Rule 41(e).

In October, the corporate defendant, through counsel, filed a motion to dismiss the Section 220 claim under Court of Chancery Rule 12(b)(6). With relief

now requested, I directed that this action be reassigned to me for consideration. On October 13, I granted the parties' stipulated briefing schedule while noting: "As the parties will see in the Guidelines, motion to dismiss briefing is unusual in books and records proceedings, but, because of [the petitioner's] placeholder letter, I am permitting the motion to dismiss and hearing it on a non-expedited track." Briefing has now closed, and I do not need oral argument; for the reasons explained herein, the motion is granted.

## I.      Background

As noted, this action began with David M. Doyle (the "Petitioner")'s verified petition, filed by the Petitioner in a self-represented capacity, on August 19, 2025 (the "Petition").[1] I accept the well-pled averments in the Petition as true for purposes of this pleading-stage ruling.

The Petitioner is, and at all relevant times was, a stockholder of DNA SEQ, Inc. (the "Respondent"), a Delaware corporation. On September 11, 2024, the Petitioner emailed a written demand for books and records to Andy Nappin, the Respondent's Chief Executive Officer. In the cover email to Mr. Nappin, the Petitioner identified himself as a stockholder of the Respondent, explained that a demand letter was attached, and noted previous withholding of records and

---

[1] Docket Item ("D.I.") 1.

unsuccessful inquiries. In the demand letter (the "Demand"), the Petitioner demanded that the Respondent's board of directors "take immediate action to address serious concerns regarding governance, financial transparency, and potential breaches of fiduciary duty."[2] The Petitioner further demanded that six categories of records be produced within 15 days.[3]

In the Demand, the Petitioner explained that his purposes for inspection were to (1) investigate potential mismanagement or breaches of fiduciary duty, (2) value his interests, (3) communicate with other stockholders regarding governance, (4) and determine the suitability of current management, As to (1), he explained the Respondent's "persistent failure to hold annual shareholder meetings or to make required disclosures raises legitimate governance and compliance concerns." To that

---

[2] D.I. 3 Ex. 2.

[3] Namely: (1) board minutes and resolutions relating to the transition of the secretary/treasurer position and regarding the company's reorganization efforts; (2) stockholder meeting records explaining the lack of annual stockholder meetings and records of any decisions in lieu of such meetings; (3) financial information, specifically annual and quarterly financial statements for the past three fiscal years, detailed information on the Respondent's current financing structure, and comprehensive records regarding the disposition of the Petitioner's holdings; (4) stockholder meeting minutes for the last three years; (5) strategic reports and presentations provided to the board regarding strategic decisions or corporate performance; and (6) any records, including emails between directors, relating to suspected breaches of fiduciary duty, officer/director self-dealing, transfer of corporate assets into subsidiaries, failure to conduct annual shareholder meetings, and the self-election of directions without notice or vote. *Id.*

end, the Petitioner also demanded that the Respondent's board schedule a stockholders' meeting within 45 days.

When his 15-day deadline was not met, the Petitioner emailed the Respondent's directors.[4] After first congratulating them on the Respondent being named "AI Drug Discovery Company of the Year 2024 by Life Sciences Review" he asked for a response to the Demand. Specifically, the Petitioner wrote that, absent a response by October 10, 2024, he would consider legal remedies.

The Respondent thereafter engaged with the Petitioner on the Demand. On October 1, 2024, the Respondent proposed a confidentiality order to govern any production. The parties then went back and forth on drafts through December 2024 but could not agree on the necessary restrictions or carve outs. Then, in February 2025, the Respondent indicated it would no longer engage with the Petitioner. After the Respondent did not respond to the Petitioner's last email attempt (in August 2025), the Petitioner filed this action.[5]

---

[4] D.I. 3 Ex. 2 at 5–6.

[5] This factual recitation addresses the well-pled facts in the Petition. The Petitioner has made several filings purporting to amend the Petition. On August 27, the Petitioner attempted to add an exhibit 8 to the Petition by letter submission. D.I. 10–12. Then, on September 11, the Petitioner tried to add, again by letter, an exhibit 9. D.I. 13–15. These filings were before the Respondent moved to dismiss. Then, after the Motion was fully briefed, on November 24, the Petitioner filed a letter identifying a related case pending before Vice Chancellor Laster—C.A. No. 2025-1206-JTL—and attempted to expand the record in this action by cross-referencing records in that action. D.I. 31–32.

As I noted, this action was initially stayed, at the Petitioner's request. That stay was lifted, and this action was assigned to me when the Respondent moved to dismiss the Section 220 claim (the "Motion").[6] The Motion was fully briefed on November 13, 2025.[7] After the Respondent's reply brief, and despite agreeing to a typical three-brief schedule, on November 14, the Petitioner filed a cover letter attaching what he represented was "a new, properly sworn Section 220 demand and supporting documentation."[8] The Petitioner explained he was submitting it to "cure the technical defect" identified in the Motion.

## II.    Analysis

As I noted when approving the parties' proposed briefing schedule, pleading-stage motions are generally disfavored by this Court in summary proceedings. But, for this action, I approved the parties' stipulation to brief the Motion, acknowledging the Petitioner's placeholder letter. Now, with the benefit of complete briefing, I hold

---

With the most forgiving eyes, I could perhaps treat the first letter submission as the Petitioner utilizing his one pre-response amendment as a matter of course. Ct. Ch. R. 15(a)(1)(A). But no amount of forgiving eyes would bless the second or third submissions, for which the Petitioner needed consent or court approval. Ct. Ch. R. 15(a)(2). *See also* Ct. Ch. R. 7(b) ("Except where provided elsewhere, a request for a court order must be made by motion."). For these reasons, I have not included these filings in my background. Even if considered, however, neither address the procedural deficiency inherent in the Petitioner's request.

[6] D.I. 16.

[7] D.I. 22, 23–27, 28.

[8] D.I. 29–30.

that a pleading-stage dismissal is warranted because the Petitioner failed to comply with the form and manner requirements of Section 220 when making the Demand.

The Respondent moved to dismiss under Court of Chancery Rule 12(b)(6) for failure to state a claim under Section 220. The standard for dismissal under Rule 12(b)(6) is settled:

> (i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are "well-pleaded" if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and [iv] dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.[9]

Although this is a plaintiff-friendly standard, I cannot "simply accept conclusory allegations unsupported by specific facts, nor . . . draw unreasonable inferences" in favor of the pleader.[10]

In seeking dismissal, the Respondent invokes Section 220's form and manner requirements. Section 220 was recently amended, but because the Demand was served before February 17, 2025, the retroactivity date for those amendments, the

---

[9] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (quotation marks and citations omitted).

[10] *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).

prior version applies.[11] Legacy 220 had procedural, or form and manner, requirements which include that a demand for inspection be made under oath.

As recently emphasized by the Delaware Supreme Court in *Floreani v. FloSports, Inc.*, Section 220's "form and manner requirements further [its summary] aim by defining clear parameters under which a stockholder may invoke their inspection rights along with a prompt timeframe under which a corporation may consider and respond to a demand."[12] A stockholder must "strictly compl[y] with the statute's procedural requirements for making a demand—without such compliance, a stockholder's right to inspection is not properly invoked."[137]

Here, the Petitioner did not strictly comply and his purported right to production was not, and is not here, properly invoked. Simply put, the Demand fails because it was not made under oath. The Petitioner concedes as much but argues that he is self-represented, with limited resources, and in ill health. He contends, as a

---

[11] *See* Del. Sen. Sub. 1 for S.B. 21, 153rd Gen. Assem. § 3 (Mar. 24, 2025) ("Sections 1 and 2 of this Act take effect on the enactment of this Act and apply to all acts and transactions, whether occurring before, on, or after the enactment of this Act, except that Sections 1 and 2 of this Act do not apply to or affect any action or proceeding commenced in a court of competent jurisdiction that is completed or pending, or any demand to inspect books and records made, on or before February 17, 2025.").

[12] 2025 WL 3275207, at *7 (Del. Nov. 24, 2025).

[13] *Id.* (citations omitted).

court of equity, this Court should look beyond that defect and to the substance of the Demand.

This argument, no matter how well-meaning, goes against long standing—and recently re-emphasized—precedent requiring that stockholders strictly comply with Section 220's form and manner requirements. And it is one this Court has rejected before. For example, in *Barnes v. Telestone Technologies Corp.*, Vice Chancellor Glasscock dismissed an action premised on a non-compliant *pro se* books and records demand, explaining: "this Court may extend *pro se* litigants some leniency when it comes to a matter which is within the Court's discretion," but it has "no discretion to overlook the form and manner requirements set by statutory enactment of the General Assembly."[14] Requiring strict compliance and granting a motion to dismiss for failure thereof was not "punishment" but rather the statutorily required ruling. The same is true here.

After the Motion was fully briefed, the Petitioner tried to save his claim by serving a new demand, which he contends does not suffer from the same defect. That new demand is, however, outside the scope of the pleadings in this action and cannot save the claim as pled. In the Petition, the Petitioner sought production in response to the Demand. The Demand did not comply with Section 220's form and manner

---

[14] 2013 WL 3480270, *2 (Del. Ch. July 10, 2013).

requirements and cannot support the relief the Petitioner sought. The Petition must, therefore, be dismissed.[15]

### III.  Conclusion

For these reasons, the Motion is granted. This is a magistrate's report, but because the Section 221 claim remains pending, this is not my final report in this action. Any exceptions to this ruling are stayed until the Section 221 claim is resolved. The parties shall meet and confer about scheduling and submit a proposed schedule or status report within 20 days.

Respectfully,
/s/ Selena E. Molina
Senior Magistrate in Chancery

---

[15] This dismissal is without prejudice to the Petitioner's ability to seek relief premised on the new demand though amendment under Court of Chancery 15 or a new action; I will not prejudge the viability of either avenue.